Oliverio MARTINEZ, Plaintiff–
Appellee,

v.

CITY OF OXNARD; Oxnard Police
Dept.; Art Lopez, Chief; Maria Pena;
Andrew Salinas; Ron Zavala, Defen-
dants,

and

Ben Chavez, Defendant–Appellant.

No. 00–56520.

United States Court of Appeals,
Ninth Circuit.

July 30, 2003.

Alan Witosky & Jeffrey Held, Oxnard,
CA, for the Defendant–Appellant.

Samuel Paz & Sonia Mercado, Los An-
geles, CA, for the Plaintiff–Appellee.

Before: WARDLAW, PAEZ, and
TALLMAN, Circuit Judges.

### ORDER

PER CURIAM.

We return to this case following remand
from the United States Supreme Court.
In 2001, we affirmed the district court's
grant of summary judgment denying quali-
fied immunity to Sergeant Ben Chavez.
*Martinez v. City of Oxnard,* 270 F.3d 852
(9th Cir.2001) ("*Martinez I*"). We enter-
tained at that time only the interlocutory
appeal from the district court's denial of
qualified immunity to Chavez. The Su-
preme Court reversed our holding Chavez
was not entitled to qualified immunity be-

cause Martinez had a Fifth Amendment right against self-incrimination regardless of whether his statements were used against him in criminal proceedings, *Chavez v. Martinez*, — U.S. —, 123 S.Ct. 1994, 2001, 2007, 155 L.Ed.2d 984 (2003); however, the Court left open the possibility that Chavez's coercive interrogation of Martinez violated his then clearly established due process rights under the Fourteenth Amendment. *Id.* at 2008. We hold that, if the facts as alleged are proven true, it did. Accordingly, Chavez is not entitled to qualified immunity on Martinez's Fourteenth Amendment substantive due process claim.

 The Fourteenth Amendment's Due Process Clause protects individuals from state action that either "shocks the conscience," *Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952) or interferes with rights "implicit in the concept of ordered liberty," *Palko v. Connecticut*, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937). Martinez alleges that Chavez brutally and incessantly questioned him, after he had been shot in the face, back, and leg and would go on to suffer blindness and partial paralysis, and interfered with his medical treatment while he was "screaming in pain … and going in and out of consciousness." Chavez allegedly continued this "interrogation" over Martinez's pleas for him to stop so that he could receive treatment. If Martinez's allegations are proven, it would be impossible not to be shocked by Sergeant Chavez's actions. A clearly established right, fundamental to ordered liberty, is freedom from coercive police interrogation. *See, e.g., Darwin v. Connecticut*, 391 U.S. 346, 88 S.Ct. 1488, 20 L.Ed.2d 630 (1968); *Beecher v. Alabama*, 389 U.S. 35, 36, 88 S.Ct. 189, 19 L.Ed.2d 35 (1967); *Reck v. Pate*, 367 U.S. 433, 439–40, 81 S.Ct. 1541, 6 L.Ed.2d 948 (1961); *Leyra v. Denno*, 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948 (1954); *Malinski v. New York*, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029 (1945). Because, under the facts alleged by Martinez, Chavez violated Martinez's clearly established due process rights, *see Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), we affirm the district court's denial of qualified immunity to Chavez. The ultimate resolution of the merits of Martinez's Fourteenth Amendment claim will depend upon the resolution of contested facts. We leave that resolution to the district court.

We accordingly remand to the district court for proceedings consistent with this order and the Supreme Court's decision.

**AFFIRMED** in part and **REMANDED.**